SOCIETE FABRIQUES DE PRODUITS CHIMIQUES DE THANN ET DE MULHOUSE v. LUEDERS et al.

(Circuit Court of Appeals, Second Circuit. December 24, 1905.)

No. 89.

PATENTS—INFRINGEMENT—ARTIFICIAL MUSK.

The Baur patent, No. 451,847, for an artificial musk, in view of the disclaimer filed, limiting it to the product of the process of patent No. 416,710 to the same patentee, is not infringed by a product not shown to have been made by such process.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 135 Fed. 102.

Appeal from decree dismissing bill alleging infringement of complainant's patent, No. 451,847, granted to Albert Baur, May 5, 1891, for artificial musk.

Philip Mauro and C. A. L. Massie, for appellant.

Briesen & Knauth, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The disclaimer filed by complainant admitting that the patentee "claimed more than he had a right to claim as new," and disclaiming the product when derived from bodies other than toluene methyl isobutyl benzene or xylene dimethyl isobutyl benzene, and the admissions of the patentee, Baur, as to the disclosures in the Kelbe publications, and of complainant's experts Smoot and Liebmann that the Kelbe product was described and claimed in the patent in suit before the disclaimer was filed, together with the admissions concerning the earlier Baur patent, raise a presumption that Baur either was not the first inventor of "Musc Baur," the product claimed in the patent in suit, or that this product was produced by the process of the earlier Baur patent.

This presumption is not overcome by the suggestion of counsel that possibly complainant may have been mistaken in the statement in the disclaimer that the patentee had claimed more than he was entitled to, or by the assertion that the Kelbe product did not smell of musk. Baur, in his original patent as it stood before the disclaimer was filed, described and claimed the Kelbe product as "characterized by the odor of natural musk," and he made a similar statement in his subsequent patent.

However this may be, we concur in the conclusion of the court below as to lack of proof of infringement by defendants. The burden of proof was upon the complainant to show that the products imported by defendants were derived from the sources named in the patent after disclaimer. The testimony of the experts for complainant fails to establish this fact, and it is therefore insufficient.

The decree is affirmed, with costs.